**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CARLYLE GROUP INC.,<br><br>Petitioner,<br><br>v.<br><br>PETRUS ADVISERS LTD.,<br><br>Respondent. | Case No. 26-mc-00463-CFC<br><br>**REDACTED PUBLIC VERSION** |

**EXHIBIT A TO STATEMENT OF SUBSEQUENT AUTHORITY**
**PURSUANT TO LOCAL RULE 7.1.2(c)**

OF COUNSEL:

John P. Del Monaco
Amanda Lamothe-Cadet
Andrew Basso
Kirkland & Ellis LLP
601 Lexington Avenue
New York, NY 10022

Rudolf Koch (#4947)
Matthew W. Murphy (#5938)
Sara M. Metzler (#6509)
Richards, Layton & Finger, P.A.
920 North King Street
Wilmington, DE 19801
(302) 651-7700
koch@rlf.com
murphy@rlf.com
metzler@rlf.com

*Attorneys for Carlyle Group, Inc.*

Dated: October 26, 2026

# EXHIBIT A

Case number:
[redacted]
[redacted] LG Heidelberg

# Higher Regional Court (Oberlandesgericht) Karlsruhe

17TH CIVIL SENATE (17. ZIVILSENAT)

# Order (Beschluss)

In the matter of

**Petrus Advisers Ltd.**, represented by its director, Mr [redacted], at the same address, 8th Floor, 6 New Street Square, New Fetter Lane, London EC4A 3 AQ, Great Britain, United Kingdom
– Applicant and Appellant (Antragstellerin und Beschwerdeführerin) –

Counsel of record:
Rechtsanwälte **LSP Lindemann Schwennicke & Partner Partnerschaft von Rechtsanwälten mbB**, Lennéstraße 9, 10785 Berlin, Ref.: DR/CA/sh – 264/25

v.

[redacted]

Counsel of record:
Rechtsanwälte **Biesinger Diener Rechtsanwaltsgesellschaft mbH**, Palo-Alto-Platz 13, 69124 Heidelberg

concerning a preliminary injunction (einstweilige Verfügung)
here: complaint (Beschwerde)

the Higher Regional Court Karlsruhe – 17th Civil Senate – composed of Presiding Judge at the Higher Regional Court (Vorsitzender Richter am Oberlandesgericht) [redacted], Judge at the Higher Regional Court (Richterin am Oberlandesgericht) [redacted] and Judge at the Higher Regional Court (Richter am Oberlandesgericht) [redacted], on 29 September 2026, ordered as follows:

1. The Applicant's immediate complaint (sofortige Beschwerde) against the order of the Regional Court (Landgericht – LG) Heidelberg of 2 July 2026 – [redacted] – is dismissed.

2. The Applicant shall bear the costs of the complaint proceedings (Kosten des Beschwerdeverfahrens).

3. The value in dispute (Streitwert) for the complaint proceedings is set at EUR 100,000.

**Reasons (Gründe)**

**I.**

The parties are in dispute over claims for injunctive relief (Unterlassungsansprüche) in connection with [redacted].

At first instance, the Applicant ultimately applied for the following orders:

1. By way of preliminary injunction, the Respondent is prohibited, [redacted], from conducting a public smear campaign against the Applicant which includes, for example – but not exclusively – informing other market participants that the Applicant is failing to perform its contractual obligations, or pursuing other publicity measures specifically intended to damage the Applicant's public reputation.

2. By way of preliminary injunction, the Respondent is prohibited from informing [redacted] or other third parties (with the exception of its counsel, witnesses and experts) who are not party [redacted].

3. Should the Respondent breach this preliminary injunction, he may, for each breach, be compelled to comply with this preliminary injunction by a coercive fine (Zwangsgeld) of up to EUR 25,000.00 or, alternatively, by coercive detention (Zwangshaft) of up to 6 months.

The Respondent applied for the applications to be dismissed.

He further raised the plea of security for costs (Einrede der Prozesskostensicherheit) pursuant to Sections 110 et seq. of the Code of Civil Procedure (§§ 110 ff. Zivilprozessordnung – ZPO).

By order of 2 July 2026, the Regional Court dismissed the applications (I 62 et seq.). It held that application no. 1 was inadmissible because it did not meet the requirement under Section 253(2) no. 2 ZPO that the relief sought be sufficiently specific (Bestimmtheit des Klageantrages). The central term "public

smear campaign" was an evaluative term requiring interpretation, whose content did not describe the conduct to be refrained from in concrete terms but was, typically, precisely what the parties disputed. In so far as the application, by citing certain communications to market participants as an example, referred to a specific act of infringement, this did not cure the lack of specificity, since the wording "for example – but by no means exclusively" expressly extended the application beyond the example given. Application no. 1 was, moreover, unfounded because the Applicant had not established to the required standard of prima facie showing (Glaubhaftmachung) the risk of a first infringement (Erstbegehungsgefahr) necessary for a claim to injunctive relief (Verfügungsanspruch). The Respondent's contractual undertaking [redacted]. Application no. 1 was further unfounded because the Applicant had not shown grounds for an injunction (Verfügungsgrund). The Applicant had refuted the urgency of the matter by its own conduct (Selbstwiderlegung der Dringlichkeit): it had not applied for a preliminary injunction until 28 May 2026, although it had been aware of the Respondent's [redacted] at the latest. [redacted] Assuming the matter was urgent, the Applicant ought to have promptly initiated preliminary injunction proceedings after the rejection, or equally after waiting a short time. Finally, application no. 1 was barred by the prohibition on anticipating the decision on the merits (Verbot der Vorwegnahme der Hauptsache). Application no. 2 was unfounded. There was no prima facie showing of grounds for an injunction. Here, too, the Applicant had refuted the urgency by its own conduct. The Applicant had likewise been aware of the contractual provisions on the exchange of information between the Respondent and [redacted]. It was not comprehensible why it had waited until its [redacted]. It could therefore be left open whether, once the Applicant had knowledge of the contractual provisions and had waited for [redacted] for a period consistent with urgency, any material uncertainties still stood in the way of an application for a preliminary injunction. Application no. 2, too, amounted to an impermissible anticipation of the decision on the merits. In addition, there was no claim to injunctive relief. [redacted]

[redacted]

The Applicant challenges this order, served on it on 2 July 2026 (I 87), by its immediate complaint of 14 July 2026, received by the Higher Regional Court on the same day (II 1).

The Applicant submits that application no. 1 [redacted] is sufficiently specific if only because it follows the precise wording of the description of conduct which the Respondent himself undertook [redacted]. Failing that, the Regional Court should at least have limited the application to the specifically described prohibited conduct, namely informing other market participants that the Applicant is failing to perform its contractual obligations. This was a self-contained part of the application, expressly delimited as such by the Applicant, and enforceable in its own right. For the rest, the Applicant repeats and expands on its submissions at first instance.

The Applicant ultimately applies for the following orders:

1. The Respondent's application that the Applicant be ordered to provide security for costs in an amount to be determined by the court within a time limit to be set by the court is dismissed.

2. The order of the Regional Court Heidelberg of 02.07.2026, [redacted], is set aside as regards items 1 and 2.

3. By way of preliminary injunction, the Respondent is prohibited

a. [redacted], from conducting a public smear campaign against the Applicant which includes, for example – but not exclusively – informing other market participants that the Applicant is failing to perform its contractual obligations, or pursuing other publicity measures specifically intended to damage the Applicant's public reputation; and

b. from informing [redacted] or other third parties (with the exception of its counsel, witnesses and experts) [redacted].

4. Should the Respondent breach the preliminary injunction under item 3, he may, for each breach, be compelled to comply with this preliminary injunction by a coercive fine of up to EUR 25,000.00 or, alternatively, by coercive detention of up to 6 months.

5. The Respondent shall bear the costs of the proceedings.

By order of 29 July 2026 (I 125 et seq.), the Regional Court declined to grant relief on the immediate complaint (nicht abgeholfen).

The Respondent applies for the immediate complaint to be dismissed.

Should the court consider an oral hearing necessary, he expressly maintains the plea of security for costs pursuant to Sections 110 et seq. ZPO.

For further details of the facts, reference is made to the decision under challenge, the Regional Court's order declining relief (Nichtabhilfebeschluss) and the parties' written submissions.

## II.

The immediate complaint is admissible (Section 567(1) no. 2 ZPO) but unfounded.

1. Application no. 1 ("[redacted]"; item 3(a) in the complaint proceedings) is only partly admissible; application no. 2 (item 3(b) in the complaint proceedings) is admissible.

a) Application no. 1 is admissible only in so far as it seeks to prohibit the Respondent from informing other market participants that the Applicant is failing to perform its contractual obligations. Beyond that, the application is not sufficiently specific, Section 253(2) no. 2 ZPO.

aa) An application for relief is sufficiently specific (Section 253(2) no. 2 ZPO) if it identifies the claim asserted in concrete terms, thereby defines the scope of the court's power to decide (Section 308 ZPO), makes clear the content and scope of the substantive res judicata (materielle Rechtskraft) of the decision sought (Section 322 ZPO), does not shift the claimant's risk of losing onto the defendant through avoidable imprecision, and allows enforcement of the judgment without the dispute continuing in enforcement proceedings. In the case of an application for injunctive relief, this is generally so where the specific form of infringement complained of is the subject of the application. If, by contrast, as in the present case, a claim for injunctive relief based on the risk of a first infringement is asserted preventively, then – in so far as the specific form of infringement expected remains uncertain in the individual case – the decisive question is whether the relief sought has been framed with sufficient clarity within the limits of what is possible for the claimant and required to ensure effective legal protection for both sides, and whether it would be enforceable as the operative part of a judgment (cf. BGH, judgment of 9 March 2021 – VI ZR 73/20 –, para. 15, juris).

bb) Measured against this standard, application no. 1 is not entirely sufficiently specific.

(1) The Regional Court correctly found that the central term "public smear campaign" is an evaluative term requiring interpretation,

without any tangible factual content, which is typically precisely what the parties dispute (see also BGH, judgment of 27 September 2016 – VI ZR 250/13 –, para. 28, juris, on the lack of factual content of the term “smear campaign”). The assessment of whether particular conduct of the Respondent qualifies as a “public smear campaign” would thus have to be left to the enforcement proceedings, which renders the application inadmissible to that extent. [redacted]

(2) The Regional Court also correctly recognised that the addition “for example – but not exclusively” attached to the application for injunctive relief does not lend the requisite specificity to the application, which is unspecific to that extent. The abstract features of the prohibition sought on a “smear campaign” are not sufficiently concretised by the expressly non-exhaustive reference to the passage “pursuing other publicity measures specifically intended to damage the Applicant’s public reputation”, which is itself unspecific.

cc) In the present case, however – taking into account the supplementary submissions made in the complaint proceedings – a specific content of the application can still be derived by way of interpretation. On that basis, the Applicant’s request is to be understood as seeking, at the very least, a [redacted], namely the Respondent informing other market participants that the Applicant is failing to perform its contractual obligations.

(1) The Federal Court of Justice (Bundesgerichtshof – BGH) has held that a part of an application for injunctive relief introduced by “in particular” (insbesondere) may serve two functions: first, it may serve to explain the abstract prohibition primarily sought, by illustrating by way of example what is meant by the form of infringement described in the abstract part of the application. Second, the claimant may thereby make clear that its request is not limited to a comprehensive, abstractly worded

prohibition but that, should it not succeed on that basis, it seeks at least an injunction against the specific conduct complained of (see, for example, BGH, judgment of 31 October 2018 – I ZR 73/17 –, para. 21 with further references, juris).

(2) On that basis, the Applicant’s request in the present case is to be construed in its favour as seeking not merely an abstractly worded prohibition but, at the very least, a prohibition of the conduct it cited, namely the Respondent informing other market participants that the Applicant is failing to perform its contractual obligations.

This follows, at any rate, from the Applicant’s statement in its grounds of complaint (p. 15 = II 15) that the Regional Court should at least have limited its application to the specifically described prohibited conduct, namely informing other market participants that the Applicant is failing to perform its contractual obligations. This part of the application is severable, expressly delimited and enforceable in its own right.

b) The plea of security for costs raised by the Respondent at first instance under Section 110(1) ZPO does not render the applications inadmissible. Under that provision, claimants who are not habitually resident in a Member State of the European Union or in a State party to the Agreement on the European Economic Area must, at the defendant’s request, provide security for the costs of the proceedings.

Here, there is already no such request by the Respondent. In his reply to the complaint, the Respondent maintained his plea of security for costs only for the event – which has not occurred – that the court should consider an oral hearing necessary (p. 1 = II 42). This constitutes a partial withdrawal of the plea which, notwithstanding its being subject to an intra-procedural condition (innerprozessuale Bedingung) – which has not been fulfilled –, is permissible at any time (cf. BGH, interlocutory judgment (Zwischenurteil) of 15 May 2001 – XI ZR 243/00 –, NJW 2001, 3630, 3631).

c) [redacted]

[redacted]

2. The applications are unfounded.

a) Application no. 1, in so far as it is admissible, is unfounded.

aa) It can be left open whether the Applicant has a claim to injunctive relief against the Respondent requiring him to refrain from informing other market participants that the Applicant is failing to perform its contractual obligations.

bb) There are, in any event, no grounds for an injunction pursuant to Sections 935, 940 ZPO.

(1) In assessing whether interim relief by way of preliminary injunction is required, the applicant's conduct may be relevant not only in constellations in which, by virtue of special provisions such as Section 12(1) of the Act against Unfair Competition (Gesetz gegen den unlauteren Wettbewerb – UWG), grounds for an injunction generally need not be shown, but throughout the entire scope of application of Sections 935 and 940 ZPO (see, for example, BGH, judgment of 11 July 2017 – X ZB 2/17 –, para. 85, juris; OLG Frankfurt, order of 7 July 2025 – 3 W 13/25 –, para. 38, juris; KG, order of 23 September 2025 – 2 U 52/25 –, para. 17, juris). This is based on the consideration that a hesitant filing of the application or conduct of the proceedings may indicate that the applicant's interest in interim relief is not great enough to justify the grant of a preliminary injunction (cf. BGH, judgment of 11 July 2017 – X ZB 2/17 –, para. 85, juris). The necessity (urgency) of a regulatory or performance injunction (Regelungs- oder Leistungsverfügung) therefore lapses through self-refutation, i.e. through a prolonged "delay detrimental to urgency" (dringlichkeitsschädliches Zuwarten) in the knowledge of the circumstances justifying it; the period that may still be tolerated depends on the particular features of the individual case, having regard to its factual and legal difficulty (see, for example, OLG Frankfurt, order of 30 June 2022 – 5 W 18/22 –, para. 45, juris; Braun in Musielak/Voit, ZPO, 23rd ed., § 940 para. 4 with further references), although a delay of more than one month can, as a rule, no longer be regarded as harmless (see, for example, Braun in Musielak/Voit, ZPO, 23rd ed., § 940 para. 4 with further references; see also OLG Karlsruhe, judgment of 25 April 2007 – 6 U 43/07 –, juris, and OLG Frankfurt, judgment of 16 February 2023 - 6 U 157/22, GRUR-RS 2023, 3667 para. 121: six weeks as a guideline).

(2) On that basis, there are no grounds for an injunction, because the Applicant waited too long before applying for the preliminary injunction.

The Applicant was aware, [redacted] It was therefore required to initiate preliminary injunction proceedings promptly, [redacted]. Instead, it allowed an intolerable period of more than four months to elapse before filing the application in the present proceedings on 28 May 2026.

The Applicant's further activities from 13 April 2026 onwards do not alter the resulting self-refutation of urgency. First, those activities only began after an already intolerable period of more than two months had elapsed [redacted]. Second, it is not comprehensible that, through these measures, the Applicant first sought to obtain sufficient knowledge to make a prima facie showing of a risk of a first infringement giving rise to the claim to injunctive relief (here: a claim to refrain from informing other market participants of the failure to perform contractual obligations) (cf. the grounds of complaint of 14 July 2026, pp. 30 et seq. = II 30 et seq.). Both the requests for access to personal data under Article 15 of the General Data Protection Regulation (Datenschutz-Grundverordnung – DSGVO) transmitted by e-mail of 13 April 2026 and the unsuccessful applications to [redacted] relate solely to the transfer of information by the Respondent [redacted]; a response to them was therefore not capable of "[to that extent] substantiat[ing] the assumption of the Respondent's infringements" (as asserted, however, in the grounds of complaint of 14 July 2026, p. 30 = II 30).

b) Application no. 2 (item 3(b) in the complaint proceedings) is unfounded.

aa) The application fails in so far as the Applicant seeks an order that the Respondent refrain from informing [redacted] of any matters arising from [redacted].

(1) There is, to begin with, no claim to injunctive relief. In particular, no such claim arises from [redacted].

([redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

(2) In addition, there are no grounds for an injunction.

For details, reference may be made to the observations above (II. 2. a) bb)). In particular, the Applicant was likewise aware, [redacted]. Moreover, the Respondent had not denied passing on information to [redacted] or subsequently (cf. his submissions of 19 June 2026, p. 20 = I 49, and of 28 July 2026, p. 10 = II 51). Indeed, the Applicant itself had already stated in its [redacted] that it was "to be assumed with a probability bordering on certainty" that the Respondent had passed on information about [redacted].

bb) The application further fails in so far as the Applicant seeks an order that the Respondent refrain from informing other third parties of any matters arising from [redacted].

There are, in any event, no grounds for an injunction, because in this respect, too, the Applicant waited too long before applying for a preliminary injunction. [redacted]

**III.**

The decision on costs is based on Section 97(1) ZPO.

| [redacted] | [redacted] | [redacted] |
|---|---|---|
| Presiding Judge at the Higher Regional Court | Judge at the Higher Regional Court | Judge at the Higher Regional Court |

# CERTIFICATE OF SERVICE

I hereby certify that on October 26, 2026, a true and correct copy of the foregoing document was caused to be served on the following counsel of record as indicated:

**BY ELECTRONIC MAIL**
Jamie L. Brown (#551)
Denise S. Kraft (#2778)
Heyman Enerio Gattuso & Hirzel LLP
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

**BY ELECTRONIC MAIL**
Duane L. Loft
Brianna Hills Simopoulos
Adair Kleinpeter-Ross
PALLAS PARTNERS (US) LLP
75 Rockefeller Plaza
New York, NY 10019

*/s/ Sara M. Metzler*
Sara M. Metzler (#6509)